**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**


**CIVIL ACTION NO. 09-7091-JBC**
**CRIMINAL ACTION NO. 07-185-JBC**

**UNITED STATES OF AMERICA,**                                                              **PLAINTIFF,**

**V.**                            **MEMORANDUM OPINION AND ORDER**

**JOHN NATHAN COLEMAN,**
                                                                              **DEFENDANT.**


**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court upon the motion of John Nathan Coleman to alter

or amend pursuant to Fed. R. Civ. P. 59(e).[1]  R. 153. Because no judgment has been

entered, and the Magistrate Judge's Report and Recommendation ("R&R")  is not a

final judgment from which such a motion may be made,[2] the court will construe the

motion as an objection to the R&R (R. 152). *See*  28 U.S.C. § 636(b)(1)(c). Also before

the court is Coleman's "motion for leave to file a supplement issue under ground one of

petitioner's motion pursuant to 28 U.S.C. § 2255" (R. 144), which the Magistrate Judge

addressed in the R&R.  This court, having reviewed the record *de novo* in light of

Coleman's objections, 28 U.S.C. § 636(b)(1)(c), will adopt the Magistrate Judge's

---

[1]All record numbers in this opinion will refer to the docket of the defendant's
associated criminal case, 07-CR-185.

[2]The parties did not consent to and this court did not give the Magistrate
Judge plenary jurisdiction.  28 U.S.C. § 636(c).  *Ambrose v. Welch*, 729 F.2d
1084, 1085 (6th Cir. 1984).

Report and Recommendation.  To the extent that Coleman does not specifically object

to the report and recommendation, the court concurs in the result recommended by the

Magistrate Judge.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *Howard v. Sec'y of*

*Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**I.     Coleman waived his right to collaterally attack his sentence.**

Coleman waived his right to attack his sentence under § 2255 when he entered

into a plea agreement that expressly prohibited such challenges.  R. 131 ("The

Defendant waives the right to appeal and the right to attack collaterally the guilty plea,

conviction, and sentence.").  A defendant in a criminal case "may waive 'any right, even

a constitutional right,' by means of a plea agreement."  *United States v. Fleming*, 239

F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76

(6th Cir. 1995)).  A valid plea agreement that contains a waiver of the right to seek

collateral relief will bar such action, including a § 2255 motion attacking a conviction,

sentence, or plea. *See Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001). In

order for such a waiver to be valid, however, Coleman must have entered into the plea

agreement knowingly and voluntarily.  239 F.3d at 764.

Coleman's plea was knowing and voluntary. He signed a written plea agreement

that acknowledged the rights he was forgoing. R. 131, at 3, ¶ 7.  At the end of the

agreement, Coleman and his attorney signed and acknowledged that "the Defendant

understands this Agreement, that his attorney has fully explained this agreement to

him, and that his entry into this Agreement is voluntary."  *Id*. at 4-5.  Further, as required

by Federal Rule of Criminal Procedure11(b)(1)(N), after a discussion of his plea

agreement and, specifically, the waiver provision at his rearraignment, the court asked Coleman if he understood and to aver that he voluntarily gave up his right of appeal and collateral attack. R. 140, at 12-16. He answered affirmatively, "Yes, Ma'am," multiple times. *Id.* He also answered affirmatively when asked,"You understand you had those rights until you signed this plea agreement giving them up?" R. 140, at 16. Lastly, the court established that Coleman was satisfied with the advice, representation, and counsel of Derek Gordon, his appointed attorney, who confirmed that Coleman was competent to plead. *Id.* at 4.

This valid waiver precludes Coleman's current ineffective-assistance-of-counsel claim. "[W]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 USC § 2255." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). *See also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (noting every circuit to address the issue "has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing").

Although an exception to the waiver rule exists where a defendant attacks the validity of the waiver itself, this is not the basis of Coleman's present challenge. *In Re Acosta*, 480 F.3d 421, 422-23 (6th Cir. 2007) ("It is worth emphasizing the distinction between appeals like this one, that simply relate to issues a defendant has validly

agreed not to appeal or attack collaterally, from those that go to the very validity of a

guilty plea. For example, in cases where a defendant argues that his plea was not

knowing or voluntary, or was the product of ineffective assistance of counsel.").

Coleman does not argue that the waiver itself was involuntary, or that it was the product

of ineffective assistance of counsel.  *Id*.  *See generally* R. 135, 144, 153.  Nor does he

argue that he would not have pled guilty had his counsel advised him appropriately.

*See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Instead, Coleman alleges that his attorney

"barred him from pursuing an appeal"; failed to challenge the amount of drugs

attributable to the defendant and permitted defendant to plead guilty to conspiracy;

failed to challenge prior state convictions that were more than 15 years old; failed to

challenge the facts underlying the conspiracy charge; and failed to appeal a sentence

based on crack cocaine rather than cocaine base. *See* 152 at 2. These claims do not

challenge the validity of Coleman's plea.[3] The record reflects that, at the time of his

plea, Coleman fully understood the crime to which he was pleading as well as the

scope of his waiver.

Coleman's claim that his defense attorney prevented him from pursuing an

appeal is barred by his voluntary waiver. Although Coleman's complaint that "ineffective

assistance of counsel, procedurally barred me from my appeal, et. al . . . ," *id*. at 3, is

ambiguous, even construing this language generously as the magistrate judge did, the

claim is unpersuasive.  R. 152, at 7 ("One interpretation is that the defendant believes

---

[3]*See* 480 F.3d 421*; United States v. Booker*, No. 09-cv-7070, 2010 WL 3909576, at *3 (E.D. Ky. May 13, 2010). Also, as explained below, even construing Coleman's vague challenges to the factual basis for the conspiracy charge and to the amount in controversy as challenges to the validity of his plea, they fail nonetheless.

that his attorney rendered ineffective assistance by permitting the 'procedural bar' of the waiver of appeal rights in the defendant's plea agreement."). This claim does not go to the validity of his guilty plea. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Therefore, he has given up the right to challenge this issue. In any case, Coleman fails to specifically allege how Gordon procedurally barred his right of appeal, and Gordon's affidavit refutes any such contention. Specifically, Gordon states, "I do not recall Mr. Coleman ever giving me any indication that he wished to appeal the sentence, and my record reflects the same." R. 143, Attach. 2, at ¶ 2 (indicating additionally that Gordon and Coleman went through the plea agreement "in great detail" and discussed many of the facts that Coleman challenges, including possible outcomes of various proceedings). Moreover, this court concurs in the magistrate judge's conclusion that even if Coleman had asked Gordon to appeal his sentence, Gordon's decision not to do so was proper, in light of the explicit waiver in Coleman's plea agreement. R. 152, at 8. *See also United States v. Carales-Peralta*, 08-cv-7022, 2009 WL 1116330 at *7 (E.D. Ky. April 24, 2009).

Coleman's remaining challenges go to the issue of sentencing, not the validity of his waiver. *See Sutton v. United States*, Case No. 1:03CR-8R, 2007 WL 3237161, at *4 (W.D. Ky. Oct. 31, 2007). He protests his attorney's failure to challenge the amount of drugs attributable to him, the type of drugs attributable to him, his prior state convictions, and the facts underlying the conspiracy charge. However, other than the final factor, these were simply used in calculating his sentence--they do not address the

validity of his waiver.[4] They are therefore barred by his knowing and voluntary waiver. For these reasons, this court will not permit Coleman to now violate the plea agreement from which he has benefitted by the dismissal of two counts of the indictment and a three-level reduction for acceptance of responsibility.

**II.    Even if Coleman's claims were considered, they are without merit.**

Although Coleman's claims are procedurally barred, this court agrees with the magistrate judge's conclusion that they fail on the merits as well.  R. 152, at 8-13. Coleman alleges four distinct instances of ineffective assistance of counsel by Gordon: (1) failing to challenge or appeal the drug amount that was attributed to Coleman; (2) "procedurally barring defendant's right's [sic] to challenge state prior convictions used to enhance, when over 15 yrs old"; (3) failing to challenge the charge that Coleman was involved in a conspiracy; and (4) failing to appeal based on Coleman's argument that his sentence was wrongly based on crack cocaine, instead of cocaine base.  R. 136, at 4-8.  As discussed earlier, these claims mostly challenge the calculation of his sentence, and "the law falls squarely against" Coleman's "attempt to challenge the calculation of his sentence via a claim of ineffective assistance of counsel." *United States v. Thompson*, 2008 WL 6506506, at *13 (W.D. Ky. Nov. 7, 2008). Further, the record reveals no basis for these challenges. *See United States v. Thornton*, 2007 WL 1741780 at *7 (E.D. Ky. May 25, 2007).

Coleman's own admissions undermine the challenges to his counsel's

---

[4]Nor are defendant's challenges to the factual basis for the conspiracy charge and to the drug amount listed in the indictment challenges to the validity of his waiver.

effectiveness and sentence. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). At Coleman's rearraignment on July 9, 2008, Assistant United States Attorney Ron Walker explained, "[t]he charge is the conspiracy, or agreement, to distribute five grams or more of cocaine base, crack cocaine." R. 140, at 13. Coleman admitted his involvement in a conspiracy that day (R. 140, at 13, 21-23), and again in a letter to the court penned on September 3, 2008, which began "I have plead guilty to conspiracy to distribute and I accept full responsibility for that." R. 129. These statements belie his present challenge to the factual basis for his plea.

Additionally, Coleman conceded during the Rule 11 colloquy that, although he sold three grams of crack cocaine, he was part of an agreement to distribute five grams or more of crack cocaine. R. 140, at 21-22. Based on this stipulation to the amount of drugs at issue, Coleman's claim that his attorney erred by not objecting to the drug amount attributable to him fails. Furthermore, Coleman's allegation that he "did not want to plea[d] guilty to crack" is contradicted by Coleman's concession (and this court's clarification) that Coleman knew, intended, and admitted that the substance at the heart of the conspiracy was "crack cocaine." *Id.* at 22-23.

In addition, Coleman's challenge to the use of his prior convictions is legally baseless. The convictions were properly counted because Coleman was released from prison in 2000, within the fifteen-year period in U.S.S.G. § 4A1.2(e)(1) ("Also count any prior sentence of imprisonment . . . whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.").

Last, Coleman has not made any showing of prejudice, as required when

bringing ineffective-assistance claims. *See Strickland v. Washington*, 466 U.S. 668 (1984). Coleman has given no indication that, but for his counsel's performance, he would not have accepted the plea agreement. Further, Coleman's attorney achieved a sentence for Coleman that was at the low end of the guideline range even in light of his criminal history. Coleman also indicated at sentencing that he was satisfied with his attorney's performance. R. 140 at 4. Also telling is that Coleman declined the opportunity to speak to the court and raise these issues at his sentencing on October 1, 2008. R. 141, at 8. Coleman did submit two letters prior to sentencing, one in which he accepted "full responsibility" for the charge of "conspiracy . . . because I was in the car when it got pulled over and I did know what was going on even though I was not doing the actual transaction," and another in which he claimed he did not know the amount of drugs being sold or the definition of conspiracy. R. 128, Att. A. However, when the court addressed the second letter and asked "This letter is not an attempt to deny guilt or withdraw your plea; correct?" Coleman responded "No, ma'am." R. 141, at 4. Together these statements show that Coleman's attorney's performance was not defective and also that Coleman was not prejudiced by his attorney's performance.

III.     **The court will not issue a Certificate of Appealability.**

The court will not issue to Coleman a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c). *See* RULE 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts (2009) ("The district court must issue or deny a certificate of appealability where it enters a final order adverse to the applicant."). That section permits the issuance of a COA only if Coleman

has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) Coleman has made no such showing. As detailed earlier, defendants can waive their rights to attack their sentences, so long as the waiver is knowing and voluntary. Here, Coleman does not challenge his waiver of these rights as being either involuntary or unknowing, nor does he directly challenge his guilty plea. Hence, Coleman's claims are precluded by his plea agreement. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *Sutton v. United States*, Case No. 1:03CR-8R, 2007 WL 3237161, at *4 (W.D. Ky. Oct. 31, 2007). For this reason, the court will not issue a certificate of appealability.

## V.    Conclusion

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (R. 152) is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that the defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (R. 136) is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that this court **WILL NOT ISSUE** a certificate of appealability, pursuant to 28 U.S.C § 2253(c).

Signed on  December 14, 2010          *Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY